3:17mj177-SALM

## UNITED STATES DISTSRICT COURT

### DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT  :

: ss New Haven, Connecticut

COUNTY OF NEW HAVEN  :  February 12, 2016

FILED
2017 FEB 13  AM 10 23
U.S. DISTRICT COURT
NEW HAVEN, CT.

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANTS

I, Ryan Mahar, being duly sworn, depose and state:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code ("U.S.C."), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I am a Special Agent with Homeland Security Investigations ("HSI"), and I have been employed by HSI as a Special Agent since July 2011. Prior to serving as a Special Agent with HSI, I was employed as a Special Agent with the United States Secret Service ("USSS") for nine years. I am presently assigned to the HSI office in Hartford, Connecticut. I have received extensive training provided by the Federal Law Enforcement Training Center, the USSS, and HSI in the investigation and enforcement of laws of the United States. I have received basic, advanced, and on-the-job training in the investigation of cases involving the sexual exploitation of children. I have also become familiar in the conduct of such investigations through on-the-job experience, and discussions with other Agents and officers who have been conducting child prostitution and sex trafficking investigations for several years. I have participated in the execution of multiple search and seizure warrants involving child exploitation matters. I also serve as a computer forensic examiner with HSI.

1

2.      I submit this affidavit in support of an application for search warrants for each of the following devices, collectively the "TARGET DEVICES," seized by officers of the Town of Groton, Connecticut, Police Department from ▓▓▓▓▓▓▓ and a minor with the initials ▓▓▓ (hereinafter identified as "MV-1") in Groton, Connecticut, on February 6, 2016, in connection with the arrest by local authorities of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

   a. One White Apple iPhone seized from ▓▓▓▓▓ bearing Model Number A1387 and Assigned International Mobile Equipment Identifier ("IMEI") 013532000597051 ("TARGET DEVICE 1");

   b. One Black Coolpad Cellular Telephone, Model Number Coolpad 3320A, seized from MV-1, bearing IMEI 867441022857500 ("TARGET DEVICE 2");

3.      The TARGET DEVICES are currently maintained in evidence storage at the Homeland Security Investigations Office located at 450 Main Street, Room 522, in Hartford, CT. Based on my training and experience, I know that the TARGET DEVICES have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when they first came into the possession of the Town of Groton Police Department.

4.      As is more fully set forth below, there is probable cause to believe that the TARGET DEVICES contain evidence, fruits and/or instrumentalities of violations of child sex trafficking, in violation of 18 U.S.C. § 1591, interstate transportation of minors for purposes of prostitution, in violation of 18 U.S.C. § 2423, and interstate transportation of an individual for purposes of prostitution, in violation of 18 U.S.C. § 2421, as more fully described in Attachment A.

2

5. The information contained in this affidavit is based on, among other information, the following: interviews of witnesses and/or victims; information, police reports, and other documents obtained by HSI and officers of the Town of Groton Police Department; my personal knowledge and involvement in the investigation, as well as that of other special agents of HSI; and my training and experience as a criminal investigator, in conjunction with the training and experience of other investigators involved in the case.

6. Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested search warrants, it does not include all information gathered to date by HSI and other law enforcement entities in relation to this investigation. Rather, it contains information that I believe establishes probable cause to believe that evidence, instrumentalities and fruits of the federal criminal violations outlined in Attachment A are located in the TARGET DEVICES.

7. Based on the facts described below, there is probable cause to believe that evidence, fruits, and instrumentalities, as more specifically defined in Attachment A, of violations of the crimes of child sex trafficking, in violation of 18 U.S.C. § 1591, interstate transportation of minors for purposes of prostitution, in violation of 18 U.S.C. § 2423, and interstate transportation of an individual for purposes of prostitution, in violation of 18 U.S.C. § 2421, will be found in and on the TARGET DEVICES.

## PROBABLE CAUSE

*Background on Internet, Backpage, and Prostitution Operations*

8. The website located at http://www.backpage.com, hereinafter "Backpage," and other similar websites are Internet sites consisting of classified advertisements specific to designated geographical areas. When users post an advertisement, they may designate the area

3

in which the ad should be posted. In Connecticut, there are four designated geographical sections on Backpage: Hartford, New Haven, Eastern Connecticut, and Northwest Connecticut.

9. Within each geographical section on the Backpage website are several different categories of goods and services that users may advertise. Those categories include cars, homes for sale or rent, furniture, and employment, among others. There is also an "adult" section, which includes such categories as "escorts," "body rubs," "strippers & strip clubs," "dom & fetish," "ts," "male escorts," and adult jobs.

10. In order to post an advertisement on Backpage, a user must follow certain steps, in substance as follows:

  c. Navigate, on either a computer or other device capable of accessing the Internet, including a smartphone (a cellular phone with Internet browsing capabilities) to the Backpage website;

  d. Choose a geographical area and category of good or service to be offered, for example, Hartford escorts;

  e. Write an advertisement, including a title, more specific location, description of service offered, email address, and phone number;

  f. Upload, if desired, photographs to be posted with the advertisement;

  g. Preview the advertisement;

  h. Verify the validity of the email address provided (through use of an email sent by Backpage); and

  i. Confirm the advertisement.

11. The user may also pay for premium services, such as re-posting the ad to the top of the list for the designated category periodically. Your affiant is aware that ads are listed on

4

Backpage according to the time at which they were posted, and the ads near the top of the list tend to yield the most interest from viewers.

12. Based upon my training and experience in conducting investigations of prostitution and sex trafficking operations, I know that the adult section of Backpage, and in particular the escort category, contains advertisements for prostitutes. Although listed in the "escort" category, these advertisements are often thinly veiled offers of commercial sex. These Internet posts may advertise either or both of "in-calls," where the customer would meet with a prostitute at a hotel room rented by and/or for the prostitute, or "out-calls," where the prostitute meets a customer at his/her home or other location of the customer's choosing. I am aware, based on my training and experience in prostitution investigations, that Backpage ads are often used as a mechanism for pimps, prostitutes, or those working for pimps, to post advertisements for prostitution. Certain other websites, including tazlist.com and liveescortreview.com, are also used to post advertisements for prostitution.

13. I am also aware, based on my training and experience, that pimps or those working with pimps may take actual photos of the girls or women working as prostitutes, often using smart phones and/or digital cameras, and then post those pictures to prostitution advertisements. In some cases, rather than posting directly from a smartphone, the photos may also be texted or emailed to an address accessible to the pimp, for saving on a computer and use in a subsequent advertisement. Photos from a digital camera typically must be downloaded to a computer, and then may be uploaded to the Internet.

14. I am also aware, based on my training and experience, that pimps and prostitutes typically use cellular phones, including smartphones, that are able to access the Internet to conduct business related to prostitution. These devices are typically used (1) to provide a phone

5

number on Internet or print prostitution advertisements for a potential customer to call – these phones are typically carried by a prostitute or another individual working for the pimp who may set up appointments for the prostitutes; and (2) to maintain communication between the pimp and the prostitutes or other associates who work for the pimp in his/her operation. I am aware, based on numerous past investigations and interviews of prostitutes and pimps, that pimps often require their prostitutes to maintain consistent contact with their pimps regarding their prostitution activities. Phones and other devices with Internet access may also be used to post prostitution advertisements directly.

15. I have also learned that it is common for pimps to utilize more experienced women not only to work as prostitutes, but also to actively recruit other women to work for the pimp. The term "bottom bitch" or simply "bottom" is used by pimps and prostitutes for the female that has been with the pimp for the longest or is the top earner, and often carries out the duties of recruiting new prostitutes and/or managing those prostitutes' activities. The pimp may also employ women or girls, sometimes other prostitutes themselves, to answer phones and make appointments for prostitutes, and may also employ other men to transport and/or supervise his prostitutes.

*Summary of Investigation*

16. At approximately 9 p.m. on February 6, 2016, an officer from the Town of Groton Police Department was conducting routine patrol duties in the parking lot of the Super 8 Motel located at 173 Route 12, Groton, CT. The officer observed a ▓▓▓▓▓▓▓▓▓▓ in the parking lot of Super 8 Motel with the vehicle interior light illuminated and foggy windows. The officer drove towards the ▓▓▓▓▓ but the vehicle then departed the parking lot. The officer followed the ▓▓▓▓▓ out of the parking lot and

6

conducted a query for the vehicle's registration which revealed ▮▮▮▮▮ is registered to a ▮▮▮▮. The officer then initiated a traffic stop due to the vehicle registration discrepancy and the ▮▮▮▮ stopped on the ramp of Clarence B Sharp Highway in Groton, CT. The officer approached the ▮▮▮▮ and detected an odor of marijuana emanating from the open driver's side window. There was a female passenger in the vehicle, in addition to the driver.

17. The officer identified the operator of the vehicle as ▮▮▮▮ by his valid ▮▮▮▮ Driver's License listing a ▮▮▮▮ residence. ▮▮▮▮ was asked if there was anything illegal in his vehicle, to which he responded "I have a half in the bag". The officer detained ▮▮▮▮ and found a black bag in the rear of the vehicle which was found to contain two plastic baggies containing green plant material, which the officer believed to be marijuana. The officer also found cigars, cigar packages, and a metal herb grinder containing green plant material which the officer recognized can all be utilized in the preparation of marijuana for smoking. The green plant material from the baggies and metal herb grinder later field tested positive for the presence of marijuana and weighed .63 ounces with packaging.

18. An additional officer arrived at the traffic stop and spoke with the female passenger of the ▮▮▮▮ MV-1, who provided a false first and last name and stated that she was seventeen years old. A search of the vehicle's trunk revealed a notebook which contained several notes with the first name ▮▮ with different last names, including the name ▮▮▮▮ Police questioned ▮▮▮▮ about who his female passenger was, and he provided the same false first and last name that MV-1 had provided. ▮▮▮▮ was then asked who ▮▮ was and he said it was his friend. ▮▮▮▮ was later asked if the female passenger was in fact ▮▮▮▮ in response, he put his head down and nodded slightly.

7

19. MV-1 was then asked her age and said she was nineteen, despite that she had earlier said she was seventeen. An officer asked MV-1 if her name was "V.C." and she eventually admitted it was. She also provided her true date of birth, which indicated that she is 15 years old. MV-1 stated that she was ███████████████████████ A check of law enforcement databases confirmed that MV-1 was listed as a Missing Person Juvenile by the ████████████████████

20. ████████ was arrested for narcotics violations and transported to the Town of Groton Police Department. Because she was a missing juvenile, MV-1 was taken into protective custody and was transported to the Town of Groton Police Department. The ████████ vehicle was towed from location of the traffic stop.

21. Incident to ████████ arrest and the taking of MV-1 into protective custody, officers from the Town of Groton Police Department seized TARGET DEVICE 1 from ████████ and TARGET DEVICE 2 from MV-1 in order to prevent tampering and destruction of evidence. ████████ provided the unlock code for TARGET DEVICE 1 the Town of Groton Police Department so that officers could retrieve a telephone number ████████ wanted to call for assistance in arranging payment for bond. ████████ did not give officers consent to search TARGET DEVICE 1; the officers retrieved the telephone number ████████ requested but did not perform any search of the phone other than retrieving that phone number. During post-arrest processing, ████████ stated that his phone number was ████████

22. MV-1 was photographed by the Town of Groton Police Department. The officers took photographs of MV-1's tattoos. She told officers that her telephone number was ████████ ████████ Officers learned that MV-1 was formerly in the custody of ████████

8

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ MV-1 was later turned over to the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓ was released on bond.

23. Further investigation by the Town of Groton Police Department revealed that MV-1 was pictured on websites advertising prostitution after searches of publicly-available Internet sites were performed for the telephone numbers provided by ▓▓▓▓▓▓ and MV-1. An Internet search for the telephone number provided by MV-1 revealed the following advertisements:

   a. <u>Advertisement number 12047901 on www.tazlist.com, posted on February 5, 2016, for the Hartford/Meriden area</u>. The advertisement was titled "New In Town.... Thick Sexy ▓▓▓........! INCALLS Only!!". The advertisement listed the poster's age as 21 and advised customers to text/call ▓▓▓▓▓ sing the telephone number provided by MV-1. The advertisement contained eight photographs, although no faces were visible in any of the photographs. However, one of the photographs depicts a female lying on her back wearing only blue underwear and showing a tattoo of a ▓▓▓▓ on her left abdomen, a tattoo with the word ▓▓▓ visible on the underside of her left arm, and a tattoo of a ▓▓▓ on the back of her right middle finger. A review of the photographs taken by the Town of Groton Police Department revealed that MV-1 has a tattoo of a ▓▓▓▓▓ on her left abdomen, a tattoo with the word ▓▓▓▓▓▓▓ on the underside of her left arm, and a tattoo of a ▓▓ on the back of her right middle finger. This picture in the advertisement also shows that the female has a tattoo with the word ▓▓▓▓ on her upper right thigh, and a tattoo with the word ▓▓▓▓▓ on her upper left thigh. A second picture in this advertisement shows a

9

female wearing white underwear, and a tattoo with the word ▇ is visible on the back of her left hand. A review of the photographs taken by the Town of Groton Police Department revealed that MV-1 has a tattoo with the word ▇ on the back of her left hand.

    b. <u>Advertisement number 10984774 on Backpage.com, posted on February 6, 2016, for the Harford/Meriden area.</u> The advertisement bore the same title as the advertisement described above; it also listed the poster's age as 21 and advised customers to text/call ▇ using the telephone number provided by MV-1. The advertisement contained 10 photographs, although no faces were visible in any of the photographs. However, one of the photographs depicts a female lying on her back wearing only blue underwear and showing a tattoo of a ▇ on her left abdomen, a tattoo with the word ▇ visible on the underside of her left arm, and a tattoo of a ▇ on the back of her right middle finger. A second picture in this advertisement shows a female wearing white underwear, and a tattoo with the word ▇ is visible on the back of her left hand. As noted above, these tattoos match tattoos on MV-1. Similar advertisements using the phone number provided by MV-1 were available on Backpage dating back to January 23, 2016, for geographic areas including Rhode Island.

24.     An internet search for the telephone number provided by ▇ revealed the following advertisements:

    a. <u>An advertisement posted on www.liveescortreviews.com dated November 16, 2015, for the South Coast, Massachusetts area.</u> The advertisement was titled "Young ▇ nice and tight ready to have some fun - 19" and contained three

10

photographs. One of the photographs depicts a naked female lying on her back showing a tattoo of a ▇ on her left abdomen, a tattoo with the word ▇ on her upper right thigh, and a tattoo with the word ▇ on her upper left thigh. The advertisement listed telephone number ▇ but contained a section titled "Other numbers with matching images." That section contained a photograph of a naked female lying on her back showing a tattoo of a ▇ on her left abdomen, a tattoo with the word ▇ on her upper right thigh, and a tattoo with the word ▇ on her upper left thigh, along with the telephone number provided by ▇ listed underneath the photograph.

b. <u>Five advertisements posted on November 19, 2015, and November 29, 2015, for the South Coast, Massachusetts, area</u>. Three of the advertisements bore the same title as the advertisement above in paragraph 23(a). The other two advertisements were titled "NEW in town, ▇ ... ready to have some fun" and listed the poster's age as 21. Three of the advertisements stated "My name is ▇ and two referenced a person named ▇ The three advertisements titled "Young ▇ nice and tight ready to have some fun - 19" contained the same three photographs as the advertisement listed on www.liveescortreviews.com. One of these photographs depicts a naked female lying on her back showing a tattoo of a ▇ on her left abdomen, a tattoo with the word ▇ on her upper right thigh, and a tattoo with the word ▇ on her upper left thigh. The other two advertisements contain

11

photographs that do not displays faces or tattoos. All of the advertisements listed the phone number ▆▆▆▆ provided to the Groton police upon his arrest.

25.  After ▆▆▆▆ arrest, officers obtained surveillance video from the Super 8 motel in Groton, Connecticut. I have reviewed the video, which shows ▆▆▆▆ and MV-1 at the check-in desk around 3:10 p.m. on February 6, 2016. The hotel room was rented in ▆▆▆▆ name.

*Electronic Storage and Forensic Analysis*

26.  Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

27.  *Forensic evidence.* As further described in Attachment A, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the TARGET DEVICES were used, the purpose of its uses, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the TARGET DEVICES because:

   a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

12

  c.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

  d.   The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

  e.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

  f.   I know that when an individual uses an electronic device to take photographs of a victim or post advertisements for prostitution services on the Internet, the device will generally serve both as an instrumentality for committing the crimes of child sex trafficking and also as a storage medium for evidence of those crimes.

28.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but

13

not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

29. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

30. With regard to the TARGET DEVICES, I request permission to enter and search such devices for evidence relating to child sex trafficking, in violation of 18 U.S.C. § 1591, interstate transportation of minors for purposes of prostitution, in violation of 18 U.S.C. § 2423, and interstate transportation of an individual for purposes of prostitution, in violation of 18 U.S.C. § 2421, as more fully described in Attachment A. Specifically, I am seeking evidence of (1) whether any of the TARGET DEVICES were used to facilitate the posting of advertisements for prostitution of any minor or other individual, (2) whether the TARGET DEVICES contain evidence of communications between MV-1, ▓▓▓▓ and/or other individuals for the purpose of conducting a prostitution operation; (3) whether the TARGET DEVICES contain evidence of prostitution advertisements, accessing the Internet in furtherance of prostitution activity, and/or stored photographs or other evidence, in whatever form, of prostitution activity. Your affiant also seeks evidence of the identity of the users and/or owners of each of the TARGET DEVICES.

31. It is also requested that this Court grant permission to retrieve the above-described stored electronic information by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device. It is also

14

requested that the warrant be deemed executed once a TARGET DEVICE has been seized in the manner described above, and that further analysis of the TARGET DEVICES be permitted at any time thereafter.

## CONCLUSION

32. Based on the foregoing, there is probable cause to believe, and I do believe, that evidence, fruits, and instrumentalities, more specifically defined in Attachment A, of the crimes of child sex trafficking, in violation of 18 U.S.C. § 1591, interstate transportation of minors for purposes of prostitution, in violation of 18 U.S.C. § 2423, and interstate transportation of an individual for purposes of prostitution, in violation of 18 U.S.C. § 2421, will be found in the TARGET DEVICES.

33. Wherefore, your affiant respectfully requests that a warrant be issued authorizing a search of the TARGET DEVICES for the items described in Attachment A and authorizing the seizure of all such items, which constitute fruits, evidence, and/or instrumentalities of the offenses described herein.

34. Because part of this application pertains to an ongoing criminal investigation, and because disclosure of the information contained herein as well as disclosure of the warrant being requested herein may compromise the investigation and increase the risk of harm to witnesses and victims in that ongoing investigation, whose identities may not be known, I request that the warrant, application, and this affidavit be ordered sealed by the Court, until further order of the Court.

Ryan Mahar
Special Agent
Homeland Security Investigations

15

Sworn to before me this 12th day of February, 2016.

/s/ Sarah A. L. Merriam, USMJ

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE

16

## ATTACHMENT A

## DESCRIPTION OF ITEMS TO BE SEIZED

Forensic examination is authorized of each of the TARGET DEVICES, as follows:

a. One White Apple iPhone seized from ▮▮▮▮ bearing Model Number A1387 and Assigned International Mobile Equipment Identifier ("IMEI") 013532000597051 ("TARGET DEVICE 1");

b. One Black Coolpad Cellular Telephone, Model Number Coolpad 3320A, seized from MV-1, seized from MV-1, bearing IMEI 867441022857500 ("TARGET DEVICE 2").

all of which were recovered in Groton, CT, on February 6, 2016, in relation to the investigation of Christian ▮▮▮▮ and which are currently maintained in property storage at the Town of Groton Police Department in Groton, Connecticut.

On each of the TARGET DEVICES, seizure is authorized of all records, in whatever form, that relate to violations of child sex trafficking, in violation of 18 U.S.C. § 1591, interstate transportation of minors for purposes of prostitution, in violation of 18 U.S.C. § 2423, and interstate transportation of an individual for purposes of prostitution, in violation of 18 U.S.C. § 2421, including:

a. Photographs of the Minor Victim whose appearances and identities are known to law enforcement, and photographs of ▮▮▮▮ and/or any other individuals involved in prostitution-related activity;

b. Evidence of communications, in any form, involving the Minor Victim, ▮▮▮▮ and any other individuals involved in prostitution related activity;

c. Evidence of prostitution related communications, in any form, involving any individual;

d. Evidence of the posting, or the facilitation of posting, of Internet advertisements for the purpose of prostitution;

17

    e. Evidence of the use of the Internet in furtherance of a prostitution operation;

    f. The telephone number, ESN number, serial number, SIM card numbers, and/or any other identifying information of the TARGET DEVICES;

    g. Any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the TARGET DEVICES;

    h. Records of Internet Protocol addresses;

    i. Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    j. Any information regarding the travel and lodging of the Minor Victim, ▮▮▮▮▮ ▮▮▮▮▮ as well as the travel and lodging of any other individual for purposes of prostitution related activity;

    k. Evidence regarding money transmittals via Western Union, Money Gram, or other money transmittal business;

    l. Evidence regarding the purchase and/or use of pre-paid debit cards; and

    m. All bank records, checks, credit card bills, account information, and other financial records.

Seizure is further authorized of evidence of user attribution showing who used or owned the TARGET DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored,

18

including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. Records and information

It is specifically authorized that stored electronic information, data, information and images contained in the above-described devices may be reproduced by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device.

To the extent that any of the TARGET DEVICES contain removable storage media, examination of such removable media is specifically authorized for the same evidence as described in this attachment.

19